UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO. 02:07-CV-333** |
| ) | Hon. T. John Ward |
| SUN MICROSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

**DEFENDANT SUN MICROSYSTEMS, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR CHANGE OF VENUE**

Defendant, Sun Microsystems, Inc. ("Sun") replies to Plaintiff Abstrax, Inc.'s ("Abstrax") Opposition to Sun's Motion for Change of Venue. In an attempt to deny that the Northern District of California is a more convenient forum, Abstrax's Opposition exaggerates the connection between this action and its suit against Dell Inc. and Gateway Inc. Abstrax bases the majority of its Opposition on the false assumption that the two actions are consolidated, when in fact they merely share several common discovery milestones and a Markman hearing. In addition, Abstrax's Opposition ignores controlling authority and misstates Sun's positions in its analysis of the various factors affecting venue transfer.[1] In fact, both the convenience of the parties and the interests of justice strongly favor a transfer of the instant action to the Northern District of California.

**I. Abstrax Erroneously Claims this Case is Consolidated with the Dell and Gateway Case**

In its Opposition, Abstrax erroneously states that "Sun ignores that this case has been consolidated in the Eastern District of Texas with *Abstrax v. Dell*…." Abstrax's Opposition to

---

[1] Sun notes that Abstrax's Opposition violates Local Rule 7(a)(2), which limits opposition briefs to 15 pages. Abstrax's Opposition substantially exceeds this limit and, as such, Sun requests that the Court reject Abstrax's Opposition.

1

Defendant Sun Microsystems' Motion for Change of Venue ("Opp.") at 1. To the contrary, the Court has not issued an order consolidating the instant case with Abstrax's suit against Dell Inc. and Gateway Inc., Case No. 2:07-CV-221, which is reflected in the parties' joint proposed schedule submitted to the Court:

> The Court has stated that **the discovery milestones set forth in this Order through Item No. 30 shall also apply in the matter captioned Abstrax Inc. v. Sun Microsystems, Case No. 2:07-CV-333, and that the Court will conduct a single Markman proceeding.** If the case involving Sun is not transferred to another court, Abstrax and Sun will meet and confer regarding the remainder of their schedule after a trial and pretrial date is set by the Court.

Notice of Joint Proposed Docket Control Order, Case No. 2:07-CV-221, Document No. 38, at 4, n.1 (emphasis added). The Court has only set certain common discovery milestones and a single Markman hearing and <u>not</u> consolidated the two cases.

These cases were not consolidated by the Court, so Abstrax cannot object to a transfer of venue on the basis that a transfer would result in a duplication of effort or inconvenience that would otherwise be avoided were this action to remain in the current venue. For example, Abstrax repeatedly asserts that, if this action is transferred, witnesses and experts will be subjected to duplicate depositions and required to make two trips to attend trial. *See* Opp. at 2, 5, 8, 11, and 16. While the Court did order certain common discovery milestones in the instant case and the Dell/Gateway case during a scheduling conference in the Dell/Gateway case [2], it declined to set any common discovery limits or common trial. *See* Scheduling Conference, Case No. 2:07-cv-00221, Document 37. Further, Sun and Abstrax have not agreed to any such discovery limits or proposals for a common trial.

---

[2] This conference was the Scheduling Conference for *Abstrax v. Dell, et al.*, Case No. 2:07-CV-221 and did not include Sun.

2

Thus, as the cases are presently situated, Abstrax's concern for witnesses and experts is unfounded. As such, should the Court transfer this action, Abstrax would find itself in essentially the same situation that exists now – litigating separately the two actions that it chose to file separately.

### II. Abstrax's Opposition Ignores Controlling Authority and Misstates Sun's Positions

Although Abstrax concedes that *In Re Volkswagen of America Inc.,* 2007 U.S. App. LEXIS 24931 (5th Cir. Oct. 24 2007) provides the controlling authority for the venue transfer analysis, it fails to apply the *Volkswagen* factors correctly. *See id.* at *7-8. Further analysis of Abstrax's application of several of these factors reveals that they are particularly flawed.

First, in its analysis of the cost of witness attendance, Abstrax fails to apply the *Volkswagen* guidance that "when the distance between the existing venue … and the proposed venue … is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." In its motion, Sun did not assert that all witnesses were located in the Northern District of California[3], but only that all known witnesses are located <u>significantly</u> closer to California than Texas. Thus, regardless of whether the potential witnesses reside in the proposed forum, the Northern District of California is significantly more convenient for potential witnesses than Texas. *See* Sun's Motion for Change of Venue ("Mot.") at 8.

Second, in its analysis of the plaintiff's choice of forum, Abstrax asserts that Sun misquoted the Fifth Circuit in *Volkswagen* by stating that the Court should assign "no

---

[3] The two potential Sun witnesses listed in Abstrax's Opposition as location "unknown" – John Will and Cindy Reese – are, in fact, located within the Northern District of California. *See* Opp. at 7.

3

weight" to Abstrax's choice of forum. Opp. at 3. While Abstrax correctly states that the plaintiff's choice of forum is entitled to deference, Abstrax ignores the Fifth Circuit's statement that the only burden created by this deference is that "a party seeking a transfer must show good cause.' When viewed in the light of *§ 1404(a)*, to show good cause means that a moving party must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen*, 2007 U.S. App. LEXIS 24931 at *7-8 (citations omitted). In its Motion, Sun demonstrated that a transfer to the Northern District of California would be more convenient for the parties and in the interests of justice and, as such, Sun concluded that the Court should assign "no weight" to Abstrax's choice of forum. Mot. at 4. Thus, as Sun asserted in its Motion, the plaintiff's choice of forum does not support retaining this action in Texas.

Finally, Abstrax again ignores the controlling *Volkswagen* decision in its analysis of the accessibility of sources of proof. Abstrax instead relies completely on the idea that advances in technology negate this factor.[4] *See* Opp. at 11-12. However, *Volkswagen* specifically addressed this point, noting that any advance in technology "does not render this factor superfluous." *Volkswagen*, 2007 U.S. App. LEXIS 24931 at *22. Thus, contrary to Abstrax's assertion, the location of documents does affect a venue transfer decision. As Sun stated in its Motion, the principal sources of proof in this action are located either in the Northern District of California or significantly closer to California than Texas. *See* Mot. At 5. Thus, as Sun stated in its Motion, the accessibility of the sources of proof favor transfer of this action to the Northern District of California.

---

[4] In addition, Abstrax asserts that Sun must justify why its "documents cannot be copied or produced electronically." Opp. at 12. However, there is no requirement that Sun or any party produce documents electronically. In fact, the parties have not even discussed this point much less agreed to electronic production.

4

### III.     Conclusion

Sun requests transfer of this case to the significantly more convenient forum of the San Jose Division of the Northern District of California.

Respectfully submitted,

Dated: December 17, 2007            By:     /s/ J. Thad Heartfield
                                                                 J. Thad Heartfield
Texas Bar No. 09346800
E-mail: thad@jth-law.com
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789

Thomas M. Dunham (*pro hac vice*)
Attorney-in-Charge
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2402
(202) 783-0800

Attorneys for Defendant,
Sun Microsystems, Inc.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of December, 2007. Any other counsel of record will be served by first class mail.

                                                       /s/ J. Thad Heartfield
                                                   J. Thad Heartfield