**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ABSTRAX, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>DELL, INC., a Delaware corporation; and GATEWAY, INC., a Delaware corporation,<br><br>        Defendants. | CASE NO. 2:07-CV-221 (DF)(CE)<br><br>**Jury Trial Demanded** |
| ABSTRAX, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>SUN MICROSYSTEMS, INC.,<br><br>        Defendant. | CASE NO. 2:07-CV-333 (TJW)(CE)<br><br>**Jury Trial Demanded** |

**Abstrax's Sur-reply to Defendant Sun Microsystems'
Renewed Motion for Change of Venue**

**I.     Effect of *Volkswagen II*.**

In support of its motion to transfer, Sun objects that Abstrax cites cases predating *In re Volkswagen of Am., Inc.*, 2008 U.S. App. LEXIS 21377 (5th Cir., Oct. 10, 2008) ("*Volkswagen II*"). Sun argues that these cases are "obviously moot" in light of *Volkswagen II*. Reply at 1. Sun is wrong. In *Volkswagen II*, the Fifth Circuit (1) determined whether "mandamus is an inappropriate means to test the district court's discretion in ruling on venue transfers," *Volkswagen II* at *7, and (2) having concluded that it is, went on to issue a writ directing the district court to transfer the case. *Id.* at *39. The mandamus issue – and the court's application of the standard that governs mandamus petitions – comprised the bulk of the opinion's analysis and has no relevance here. Further, while the court went on to find that transfer was appropriate in the circumstances of that case, it did not change the <u>standard</u> governing transfer motions. To the contrary, *Volkswagen II* explicitly looks to past cases in reciting the proper standard for deciding a motion for change of venue under section 1404(a). *See, e.g. id.* at *27 (stating that the factors for change of venue are found in a 1963 decision, *Humble Oil & Reg. Co. v. Bell Marine Serv., Inc.* 321 F.2d 53 (5th Cir. 1963)); *id.* at 27-28 (quoting a 2004 case, *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), for the private interest factors); *id.* at 27-28 (quoting a 1981 case, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 240 (U.S. 1981), for the public interest factors); *id.* at 28 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). These citations show that *Volkswagen II* is in accord with – not in opposition to – a long line of Fifth Circuit cases. Plaintiff's citation to cases predating *Volkswagen II* is proper because those cases are still good law.

Sun also contends that Plaintiff "fails to apply the *Volkswagen* [*II*] factors in its venue transfer analysis." Reply at 1. This is false. Plaintiff's opposition takes its public and private interest factors directly from the *Volkswagen II* case. Opp. at 2, 10. Sun cannot point to a single factor in the *Volkswagen II* analysis that Plaintiff has not addressed in its opposition.

## II.     Convenience of witnesses.

Sun argues that the location of Abstrax's customers in Georgia, Virginia, Florida, and Texas, is irrelevant. Reply at 2. Sun assumes – without any basis – that Abstrax's customers are unlikely to be called as witnesses at trial. *Id.* There is, however, a substantial likelihood that these witnesses will attend trial – for the same reasons Defendants deposed them in the first place. As customers of Abstrax's software product – which practices the '328 invention – their business success in using the patent's technology is relevant to the issues of damages and non-obviousness. The convenience of these witnesses cannot be summarily dismissed, as Sun attempts.

Sun also argues that the location of expert witnesses should not be considered, but provides no case law in support of this argument. Reply at 2. In fact, cases in this district routinely consider the location of expert witnesses in evaluating a motion to transfer venue in patent cases. *Aloft Media, LLC v. Adobe Sys.*, 2008 U.S. Dist. LEXIS 23601, *16 (E.D. Tex. Mar. 25, 2008) (considering the location of expert witnesses in a motion to transfer venue); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 802 (E.D. Tex. 2006) (same); *VCode Holdings, Inc. v. Cognex Corp.*, 2007 U.S. Dist. LEXIS 56672 (E.D. Tex. Aug. 3, 2007) (considering location of prior art witnesses). Sun further claims that the location of the disclosed experts is irrelevant because "a judgment as to what experts the Parties will ultimately use or will appear at trial is impossible." Reply at 2 (emphasis added). The same can be said of Sun's litany of witnesses it may call at trial. But more than this, Sun ignores that eleven experts have already been identified by Sun and Abstrax. At least some of them will testify at trial, and the experts are dispersed around the country, with the bulk residing in New York. Indeed, Sun does not even argue that the testifying experts will likely be from Northern California.

Sun also notes that that several of its former employees who were deposed by Abstrax reside in California. But Sun doesn't say that it will be calling any of these witnesses at trial. And Abstrax doesn't have the ability to call them at trial in Texas – their testimony will instead be presented via deposition video. Thus, there are two likely options: (1) if the trial is in

2

Texas, Abstrax will play the deposition testimony of these witness, or (2) if the trial were in Northern California, Abstrax might call some of these witnesses live, if they are within the reach of subpoena. Which is more convenient to these witnesses? Not having to show up at all, anywhere, or having to appear at trial in Northern California?

### III.  Sources of Proof.

Sun argues, incorrectly, that *Volkswagen II* supports its argument relating to sources of proof. Reply at 3. In *Volkswagen*, transfer was supported where "All of the documents and physical evidence relating to the accident are located in the [transferee venue], as is the collision site." *Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *30-31. That is not the case here. The relevant documents reside, in electronic form, at counsels' office. These documents (as well as relevant videotapes or photographs) can easily be transported to either venue. Sun does not dispute this.

Sun relies on the location of its Hillsboro, Oregon facility -- where much of Sun's infringement is alleged to have occurred – saying this is closer to Northern California than Texas. However, this facility is still more than 700 miles from Sun's proposed trial court. Furthermore, as explained in Abstrax's opposition, the documents have already been gathered from this location and the facility's one witness in this case (Peter Lehmann) has already been deposed and Sun does not state that they actually plan to call him at trial. Sun also claims "the instant action may require physical access to certain sources of proof – e.g., the software tool at issue in Hillsboro." Reply at 3. As explained before, Abstrax has already inspected this facility and any further inspection has nothing to do with the location of the trial court – it has to do with the location of the counsel and/or expert travelling to Hillsboro for the inspection.

### IV.  Local interest.

Sun argues that the location of its headquarters and its 7,000 employees in the Northern District somehow translates into a local interest under *Volkswagen II*. This argument finds no support in *Volkswagen II* or any other case. In *Volkswagen II*, the Fifth Circuit held that the local interest favors transfer to the Dallas Division where "the accident occurred in the Dallas

3

Division, the witnesses to the accident live and are employed in the Dallas Division, Dallas police and paramedics responded and took action, the Volkswagen Golf was purchased in Dallas County, the wreckage and all other evidence are located in Dallas County, two of the three plaintiffs live in the Dallas Division (the third lives in Kansas)." *Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *30-31.  Notably, the location of Volkswagen's headquarters and the number of employees that Volkswagen had in the transferee district was not considered – much less determinative.  Furthermore, the vast majority of Sun's employees have nothing to do with this case (and probably know nothing about it).  And unless these non-witness employees plan to show up at the trial - which is extremely unlikely – they can just as easily follow the lawsuit's progress without being located in the area of the trial court.  Moreover, the local interest factor doesn't allow a defendant to transfer a case to its home turf so that its employees can more easily root for the home team.

    Sun cites *Volkswagen II* in arguing that the sale of an infringing product in the venue is not enough to establish a local interest.  Reply at 3-4.  This ignores the fact that *Volkswagen II* was a product liability case, not a patent infringement case.  *See Volkswagen II*, 2008 U.S. App. LEXIS 21377.  In *Aloft*, this court distinguished products liability cases from patent cases, stating that the "local interest involved in the Volkswagen II products liability case . . . is significantly stronger than any local interest involved with this nationwide patent infringement case." *Aloft Media v. Adobe Sys.,* 2008 U.S. Dist. LEXIS 23601 at *25 (E.D. Tex. Mar. 25, 2008) (emphasis added).  In a patent infringement case, as opposed to a product liability case, where "[a]llegedly infringing products are sold to residents of the Eastern District of Texas, just as they are sold to [Northern California] residents," the "potential acts of infringement affect the residents of both states." *VCode Holdings Inc. v. Cognex,* 2007 U.S. Dist. LEXIS 56672 at *11 (internal citations omitted).  *Volkswagen II* did not speak to, much less overrule, this distinction.

4

### V.     Consolidation with *Dell*.

Sun fails to address Plaintiff's argument that transfer would result in duplicative court proceedings in this District and in the Northern District of California, (1) resulting in a waste of judicial and party resources, and (2) risking inconsistent rulings at summary judgment or at trial. Instead, Sun argues that Abstrax "should have filed one action instead of two separate actions" if it wanted one trial. Reply at 5. This assumes that Abstrax had knowledge of Sun's infringing activities when it filed suit against Dell and Gateway. It did not. Or that Sun would not have sought a separate trial from Dell if sued in the same case. It probably would have. Furthermore, the Court is not being asked to decide whether Abstrax brought the Sun and Dell cases as one action – the issue is what to do going forward. Abstrax recognizes that the trial is not yet consolidated, but there are compelling grounds for consolidation. Sun does not deny that the validity issues at trial will be identical. Furthermore, testimony regarding the background of the invention, Abstrax's development of the technology, and the commercial success with the products will be the same. In addition, while not identical, the issues of infringement and damages between the two cases are closely similar. There is no reason for making two courts and two separate juries learn this case and process the various dispositive motions and trial evidence that remain.

In addition, Sun does not dispute that a transfer to Northern California would put the case if not at the back of the line of litigants, substantially farther back from the finish line we currently have. This is another reason that allowing transfer would result in the expenditure of greater resources by the parties and the court system.

### VI.    Conclusion.

Sun has failed to satisfy its significant burden of showing that the convenience and public factors substantially weigh in favor a transfer. Accordingly, Sun's motion should be denied.

Respectfully submitted,

Dated:  November 20, 2008

By: /s/ Christin Cho *by permission Jeff Eichmann*
CA State Bar No. 227472
Christin Cho
CA State Bar No. 238173
Sean A. Luner
CA State Bar No. 165443
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  christin@dovellaw.com
Email:  jeff@dovellaw.com
Email:  sean@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Email:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@capshawlaw.com
N. Claire Abernathy
State Bar. No. 24053063
Email:  chenry@capshawlaw.com
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
Robert M Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
Parker, Bunt, & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702

Telephone: 903-531-3535
Facsimile: 903-533-9687

Attorneys for Plaintiff
Abstrax, Inc.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document was served, via email, on counsel for Defendants on the 20th day of November, 2008.

/s/ Christin Cho *by permission Jeff Eichmann*