IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC. <br><br> Plaintiff, <br><br> vs. <br><br> DELL, INC., a Delaware corporation; and GATEWAY, INC., a Delaware corporation, <br><br> Defendants. | CASE NO. 2:07-CV-221 (DF)(CE) <br><br> **Jury Trial Demanded** |
| ABSTRAX, INC. <br><br> Plaintiff, <br><br> vs. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant. | CASE NO. 2:07-CV-333 (DF)(CE) <br><br> **Jury Trial Demanded** |

**Abstrax's motion for reconsideration of Magistrate Judge Everingham's Order Granting Defendant Sun Microsystems' Renewed Motion for Change of Venue**

1

**I.     Introduction**

On August 28, 2009, Magistrate Judge Everingham granted Defendant Sun Microsystems's renewed motion to transfer the case to the Northern District of California ("the Transfer Order"). Dkt. no. 159. Abstrax moves for reconsideration by the District Judge on the grounds that:

(A) the order places undue reliance on the location of several deponents who neither Abstrax nor Sun plans to call at trial and the location of two Sun facilities (including one located in Oregon), which has no practical significance to the trial of this case; and

(B) the order did not correctly or fully consider the inefficiencies and risks of inconsistent rulings and verdicts that will result from having Abstrax's related case against Dell go forward in this district while the case against Sun goes forward in another district.

Accordingly, Abstrax respectfully requests that the Transfer Order be reversed.

**II.    Background**

    **A.     Filing of the Dell and Sun cases**

On June 1, 2007, Abstrax sued Dell, Inc. for infringing Abstrax's U.S. Patent No. 6,240,328 (entitled "Manufacturing method for assembling products by generating and scheduling dynamically assembly instructions") during its manufacture of computer products. Case No. 2:07-CV-221. Shortly thereafter Abstrax learned that Sun Microsystems, Inc. was also infringing the '328 patent during its manufacture of computer products. Abstrax filed suit against Sun on August 6, 2007. Case No. 2:07-CV-333. The Dell and Sun cases were consolidated for all pretrial matters, to be handled by Magistrate Judge Everingham. In addition, the Docket Control Order (amended as recently as August 13, 2009) set the final pretrial conference and jury selection for the same date in both cases. Dkt. no. 154.

    **B.     Overlap in issues**

In both the Dell and Sun cases, Abstrax alleges infringement of the same claims of the same patent (Abstrax's '328 patent) in the same manner by both defendants (they are alleged to use the claimed methods during their manufacture of computer products). In both the Dell and Sun cases, Defendants assert the same affirmative defenses and counterclaims. Both deny

2

infringement.  Both allege that the '328 patent is invalid (a) under *Bilski*, (b) as anticipated, (c) as obvious, and (d) because the invention was abandoned.  In addition, both Dell and Sun allege that the '328 patent is unenforceable due to inequitable conduct.  These are not just the same legal theories of invalidity and unenforceability that are asserted -- Dell and Sun rely on the exact same prior art and allegations to support their defenses and served a joint set of P.R. 3-3 invalidity contentions.  Furthermore, Defendants jointly retained the same invalidity expert, Dr. Kristin Wood, and the same expert on Patent Office procedure, Hon. Gerald Mossinghoff, to support their invalidity and unenforceability contentions.  In addition, Dell and Sun jointly filed three *Daubert* motions to exclude testimony from Abstrax's experts and jointly moved for summary judgment of invalidity.  All four motions were recently decided, but only *after* the motion to transfer was granted and after the Court vacated outstanding motions in this case.  That means that all four motions were denied in the Dell case but remain unresolved in this case.

        C.      **Sun's motion to change venue**

Sun first moved to change venue to the Northern District of California on November 26, 2007.  Dkt. no. 25.  On September 17, 2008, the Magistrate Judge denied Sun's motion "without prejudice to re-urging under the standards announced in the en banc decision" in *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008), which had not yet issued at the time.  Dkt. no. 75.  The en banc decision issued on October 10, 2008, and a week later Sun renewed its motion.  Dkt. no. 89.  The Court heard oral argument on the matter on July 8, 2009 and granted Sun's renewed motion on August 28, 2009.  Dkt. no. 159.

        D.      **The effect of the Court's order.**

If the Transfer Order stands, we face the following inefficiencies and risk of inconsistent rulings and verdicts.

*Daubert motions:*

As mentioned above, Dell and Sun jointly brought three motions to exclude expert testimony from Abstrax's three experts.  The Court recently denied these motions.  Sun will likely bring the same exact motions before the Northern District of California.  This will result in

3

the inefficiency of two separate courts having to (a) learn the facts of this case and familiarize themselves with Abstrax's expert testimony, and (b) read and consider the parties' briefing on the issues. In addition, the Northern District of California may rule in a contrary manner to Judge Everingham, significantly altering the landscape of the trial against Sun on issues of damages and validity that are common to both the Dell and Sun case and increasing the likelihood of an appeal by Dell in its case and Abstrax in this case.

*Summary judgment motions*:

Dell and Sun jointly moved for summary judgment of invalidity of Abstrax's 328 patent, claiming the patent is invalid under *Bilski*, anticipated, and obvious. The Magistrate Judge recently issued an order recommending the motion be denied. Sun is almost certain to re-urge the exact same motion in the Northern District of California, trying its luck before a different judge. This would require that judge to do all the work of studying the '328 patent, the prior art, and the parties' evidence and briefing that this Court has already done. Furthermore, the risk of inconsistent decisions is substantial, again increasing the likelihood of appeal in both cases.

*Motions in limine*:

This Court will soon hear motions *in limine* in the Dell case on myriad issues, many of which relate to issues of damages and validity that are common to the Dell and Sun cases. Again, the efficiencies of having one Court familiarize itself with the issues and reach one set of results are substantial.

*Trial on invalidity / post trial motions:*

As discussed above, Dell and Sun both assert the same invalidity defenses, based on the same prior art and with reliance on the same expert witness, Dr. Wood. If the two cases are tried in separate jurisdictions, the evidence and the expert witnesses (Dr. Wood and Dr. Keyser, Abstrax's expert) will have to be presented to two separate juries and two separate courts will then decide the parties' motions for judgment as a matter of law. If the case remains here, even if tried separately from the Dell case, it will be the same court (not two) that presides over the evidence, that hears the parties' pre-verdict and post-verdict motions for judgment as a matter of

law, and that ultimately decides whether judgment should be entered for or against the validity of the patent. Again, the interests of judicial economy and of avoiding inconsistent rulings on validity is substantial and weighs strongly in favor of keeping the Sun case in this district.

> *Two trials on inequitable conduct:*

As discussed above, Dell and Sun assert the same affirmative defense of inequitable conduct based on the same allegations and with reliance on the same expert witness, Hon. Gerald Mossinghoff. Inequitable conduct is an issue for the Court to try and there can be little doubt that this Court would conduct one, not two, trials on the issue if the Sun case stayed here. If the transfer to the Northern District is allowed, however, there will necessarily be two bench trials on the issue – one up there and one down here – causing judicial inefficiencies and again risking inconsistent verdicts.

## III.   The Transfer Order should be reversed.

This Court is familiar with the relevant law and will of course consider the underlying briefing in ruling on this motion for reconsideration. In this section Abstrax highlights the two most important reasons that compel reversing the Transfer Order.

### A.   The order places undue reliance on the location of deposition witnesses that neither party intends to call and the location of Sun's facilities.

The Transfer Order emphasizes the location of the Sun witnesses that Abstrax deposed as well as the locations of Sun's office and manufacturing facility:

> Sun's headquarters and the majority of its employees are located within the Northern District of California. Eleven of the fourteen Sun current and former employees deposed by Abstrax are located in the transferee forum; of the remaining three, one is located in Oregon, and two are located in Colorado. Moreover, the design, development, management, and direction of Sun's software tools related to manufacturing operations is accomplished by Sun personnel in California. Finally, the Sun software tool at issue in this litigation was previously used in Sun's sole manufacturing facility in the United States, located in Hillsboro, Oregon, which is significantly closer to the Northern District of California than to the Eastern District of Texas.

Dkt. no. 159.

The Court's emphasis on these factors is undue for three reasons.

5

*First*, neither Abstrax nor Sun plans to call any of these deposition witnesses at trial. As a general matter, the convenience of witnesses is an important factor to consider in the venue analysis. But there is no issue of witness convenience if the witnesses are not actually going to be called to testify. Of the fourteen former and current Sun employees that Abstrax deposed, neither party plans to call a single one of them at trial in this district. Abstrax will play deposition testimony from some of the witnesses, but none will be called live. In addition, Sun – who has direct control over its current employees and strong relationships with the three former employees who were deposed (they are represented by Sun's counsel) and can bring any one of these witnesses to trial – similarly has no plans of calling a single one of them to the stand. Sun's trial exhibit list (exchanged on August 24, 2009), states that it "may call" three of the witnesses: John Will, John Bongiovianni, and Bryce Schroeder. Exh. 1. But for the other 11 witnesses, Sun indicates that it will <u>not</u> call them but instead "may" play their deposition testimony. *Id.* The location of these witnesses is no more relevant than that of the various other witnesses that have been deposed in this case across the country, including in Columbus, Ohio; Mesa, Arizona; Santa Monica, California; Naples, Florida; Tempe, Arizona; Washington, D.C.; Cummings, Georgia; Christianburg, Virginia; Phoenix, Arizona; and Dallas, Texas.

Thus, while it would theoretically be more convenient for the Sun employee witnesses that are located in the Northern District of California to show up at trial in San Jose rather than in Marshall, that is not in reality of the choice they face. Only three of them may even *potentially* be called to testify (*at <u>Sun's choice</u>*) in Texas.

*Second*, the Transfer Order does not appear to give weight to the location of those witnesses the parties do in fact plan to call. Between Abstrax and Sun, the parties have affirmatively stated in their pretrial disclosures that they <u>will</u> call the following witnesses:

| Witness | Location |
|---|---|
| John Vidalakis (Abstrax CEO) | Los Angeles, California |
| John LaLonde (inventor and Abstrax CTO) | Phoenix, Arizona |
| Michael Bordelon | St. Francisville, Louisiana |

6

| | |
|---|---|
| (third party) | |
| Jauvier Saunders (third party) | Tempe, Arizona |
| John Keyser, Ph.D. (Abstrax's technical expert) | College Station, Texas |
| Mark Martin, Ph.D. (Abstrax's manufacturing expert) | Oakland, California |
| Robert Mills (Abstrax's damages expert) | Los Angeles, California |
| Ray Mercer, Ph.D. | Houston, Texas |
| Kristin Wood, Ph.D. | Austin, Texas |
| Hon. Gerald Mossinghoff | Washington, D.C. |
| Raymond Sims | Chicago, Illinois |

Thus, of the witnesses that will actually be called at this trial, most (and all of those called by Sun) are located substantially closer to this district than to the Northern District of California. Moreover, for those witnesses that are located closer to the Northern District – these are all witnesses that will be called by *Abstrax*. There is no precedent for overriding Abstrax's choice of venue and choice to bring willing witnesses to testify at trial in Texas based on the proximity of these witnesses to the proposed transferee venue.

*Third*, the Transfer Order places undue emphasis on the location of Sun's office and manufacturing facility. The order states: "the design, development, management, and direction of Sun's software tools related to manufacturing operations is accomplished by Sun personnel in California." Dkt. no. 159 at 2. However, the location of the office where Sun employees carried out the development and management of the accused software program is not independently relevant to any issue that will be tried. To the extent that Sun employees with relevant information work in this office, this is irrelevant to where this case should be tried because neither party plans to call these witnesses. Furthermore, to the extent this facility continues to house relevant documents, discovery is over (with the exception of the issues raised in an unresolved motion to compel Abstrax filed in September 2008) and those documents have already been produced and prepared for trial. Indeed, any trial exhibits that originated in Sun's

7

Northern California office will arrive at trial from counsel's offices – not by any transport from the original office location.

In addition, the Court also noted "the Sun software tool at issue in this litigation was previously used in Sun's sole manufacturing facility in the United States, located in Hillsboro, Oregon, which is significantly closer to the Northern District of California than to the Eastern District of Texas." *Id.* The location of this facility, particularly at this stage in the litigation, is not relevant. Abstrax already conducted an inspection of this facility, in July 2008 and took videotape that can be played at trial. In addition, Sun contends that it discontinued use of the accused software program in August 2008. Moreover, neither party has proposed that the jury in this case be taken to the facility for its own inspection (and this would not be plausible anyway, given that Hillsboro is still located nearly 700 miles away from San Jose).

* * *

Accordingly, the location of Sun's former and current employees and Sun's facilities has little if any practical effect on the sole remaining event in this case – the trial – and therefore should not be given substantial weight in the venue analysis.

### B. The inefficiencies and risks of inconsistent rulings and verdicts that result from a transfer of this case compel keeping the case in this district.

To support a transfer order, the Court must find that transferring the case is "in the interests of justice." *In re Volkswagen of America, Inc*., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "[T]he existence of multiple lawsuits involving the same issues is *a paramount consideration* when determining whether a transfer is in the interest of justice. . . [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *In re Volkswagen of Am., Inc*., 566 F.3d 1349, 1351 (Fed. Cir. 2009) (internal citations omitted) (emphasis added).

### 1. The efficiencies and economies of keeping the case in Texas

As explained above, we have two cases filed, two months apart, in which:

- both defendants are alleged to infringe the same claims of the same patent in the same way – by using infringing computer programs to generate assembly instructions used during their manufacture of computer products;
- both defendants served a joint set of P.R. 3-3 invalidity contentions, asserting the same invalidity arguments under Sections 101, 102 and 103, based on the same prior art and allegations; and both defendants hired the same invalidity expert, Dr. Wood, to provide expert testimony in support of their defenses;
- both defendants assert an inequitable conduct defense based on the same allegations and both hired the same expert, Mr. Mossinghoff, to provide expert testimony in support of their defense;
- both defendants filed a joint set of *Daubert* motions seeking to exclude the expert testimony of Abstrax's witnesses for the same reasons; and
- both defendants filed a joint motion for summary judgment of invalidity.

As explained above, having this case go forward before a separate court (1) squanders the knowledge this Court has accumulated in considering and ruling on many of the parties' motions; (2) requires another court to learn the case from scratch and hear the exact same *Daubert* motions and motion for invalidity that this Court has already considered and ruled on; (3) have a second, separate bench trial, at a minimum on the exact same inequitable conduct defense that Dell will present to this Court; and (4) substantially risks inconsistent rulings on pretrial motions, motions for judgment as a matter of law, as well as inconsistent verdicts on the inequitable conduct defense, thereby increasing the likelihood of appeal in this case and the Dell case. This would result in a tremendous waste of judicial and party resources and likely result in prolonging the course of this litigation – not only because the Northern District of California is exponentially slower in its disposition of cases, but because of the increased likelihood of appeal that inconsistent verdicts results in.

### 2. The Transfer Order's response

The Transfer Order did not appear to give substantial weight to the overlap between this case and the Dell case. The order stated:

> In the present case, as indicated above, the existence of multiple lawsuits involving the same issues is negated by the posture of the motion to change venue; the completion of the claim construction process; and the lack of consolidation. . . . Sun filed its motion to change venue almost a year prior to its renewed motion - the court denied Sun's motion without addressing it on its merits and for reasons outside of Sun's control. Furthermore, the claim construction opinion has already been issued, and fact discovery is nearly complete. Moreover, Sun has agreed to be bound by this court's claim construction opinion upon transfer to California. The judicial economy flowing from maintaining both cases in the Eastern District has already been achieved.

Dkt. no. 159 at 3; n. 3.

There are two points raised by this portion of the Court's order.

First, the Court explains that the timing of its ruling cannot be held against Sun. Abstrax appreciates this point but notes that it did not contend, in opposing Sun's motion, that Sun had delayed in seeking a transfer. Furthermore, regardless of when Sun's motion was brought, we must consider the venue factors in light of the current status of the case – *i.e.*, the circumstances as they exist now, not at the time that Sun filed its renewed motion. We can only decide which venue makes more sense for those events that remain ahead of us – *i.e.*, the trial – and consideration of those events weighs against transfer.

Second, the Court then indicates that it has considered the current status of the case and concludes that because the claim construction process and fact discovery in this case have concluded, "[t]he judicial economy flowing from maintaining both cases in the Eastern District has already been achieved." *Id.* at n. 3. This reasoning suggests that if you have two cases with overlapping issues, it makes sense to consolidate them for claim construction and discovery purposes but after that the cases can be packaged up and shipped away for trial in another district, even on the eve of trial in the district that's done all the work thus far. This proposition is not supported by the law of this district or the Fifth Circuit. More importantly, as we explain above, there remain numerous efficiencies to be gained by keeping the case in this district and

there is a certainty of judicial waste and a substantial likelihood of inconsistent rulings or verdicts that results from sending it away.

* * *

Accordingly, Abstrax respectfully submits that the Transfer Order did not correctly or fully consider the issues of judicial economy and the risk of inconsistent rulings and verdicts that would result from transferring this case.

**IV.    Conclusion**

Abstrax appreciates that the Magistrate Judge is well familiar with the law on venue issues and that the Court works diligently to reach the right decision on the motions before it. Respectfully, Abstrax submits that this is an occasion where the right decision, based on the circumstances of this case, was not reached by the Transfer Order. For reasons set forth above and in Abstrax's underlying motion papers, Abstrax therefore asks the District Judge to overturn the Transfer Order and keep the case in this district.

Respectfully submitted,

Date:  September 11, 2009

By:   /s/ Jeff Eichmann
Gregory S. Dovel
CA State Bar No. 135387
Christin Cho
CA State Bar No. 238173
Jeff Eichmann
CA State Bar No. 227472
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  christin@dovellaw.com
Email:  greg@dovellaw.com
Email:  jeff@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Email:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux

                State Bar No. 05770585
                Email:  ederieux@capshawlaw.com
                Capshaw DeRieux LLP
                Energy Centre
                1127 Judson Road, Suite 220
                P. O. Box 3999 (75606-3999)
                Longview, Texas 75601-5157
                Telephone: (903) 236-9800
                Facsimile: (903) 236-8787

                ATTORNEYS FOR PLAINTIFF
                ABSTRAX, INC.

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing document was served, via email, on counsel for Sun this 11th day of September 2009.

          /s/ Jeff Eichmann