IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUN MICROSYSTEMS, INC., ) <br> ) <br> Defendant. ) <br> ) | **CASE NO. 02:07-CV-333** <br> Hon. David Folsom <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SUN MICROSYSTEMS, INC.'S
OPPOSITION TO PLAINTIFF ABSTRAX, INC.'S MOTION FOR
RECONSIDERATION OF MAGISTRATE JUDGE EVERINGHAM'S ORDER
GRANTING SUN'S RENEWED MOTION FOR CHANGE OF VENUE**

Defendant, Sun Microsystems, Inc. ("Sun") requests that the Court deny Plaintiff Abstrax., Inc.'s ("Abstrax") Motion for Reconsideration of Magistrate Judge Everingham's Order Granting Sun's Renewed Motion for Change of Venue ("Abstrax's Motion"). On August 28, 2009, this Court entered its Memorandum Opinion and Order ("Court's Order") granting Sun's motion and transferring the instant case to the U.S. District Court for the Northern District of California. Abstrax filed its Motion on September 11, 2009.

As an initial matter, Abstrax's Motion is improper as it identifies no significant errors of fact or law and presents no new evidence, as required by this Court for a motion for reconsideration. Furthermore, Abstrax incorrectly asserts that the Court relied on the location of witnesses that the parties do not intend to call at trial. In its argument here, Abstrax arbitrarily attempts to limit Sun's potential witnesses and ignores that the majority of potential witnesses identified by Sun are either in the Northern District of California or significantly closer to

California than Texas. Abstrax cannot overcome the Court's determination that the transferee forum is clearly more convenient.

In addition, Abstrax raises false concerns over judicial inefficiencies. Abstrax ignores that the Court carefully considered judicial economy in its August 28, 2009, Memorandum Opinion and Order ("Court's Order") granting Sun's motion and transferring the instant case. The Court specifically held that judicial economy had already been achieved. Furthermore, many of the alleged judicial inefficiencies Abstrax seeks to remedy would potentially require a joint Sun-Dell trial to resolve. However, Abstrax ignores that, regardless of the resolution of Abstrax's Motion, the Sun and Dell cases will proceed with separate trials. Abstrax's arguments here fail as the Court has already considered judicial economy concerns in rendering its decision to transfer the instant case.

Abstrax's improper Motion identifies no significant errors of fact or law and presents no new evidence. Instead, Abstrax seeks to arbitrarily limit Sun's potential witnesses and attempts to re-argue matters the Court has clearly considered in deciding to transfer the instant case to the Northern District of California. This Court should deny Abstrax's Motion.

**ARGUMENT**

I.  **Abstrax's Motion for Reconsideration is Improper and Fails to Meet the Legal Standard in this Court for Such Motions.**

As an initial matter, Abstrax's Motion is improper as it fails to "correct manifest errors of law or fact or to present newly discovered evidence." *MHL TEK, LLC v. Nissan Motor Co.*, Civil Action No. 2:07-cv-289, 2009 U.S. Dist. LEXIS 13676, \*\*10-11 (E.D. Tex. Feb. 23, 2009) (citations omitted). This Court has held that "[a] motion to reconsider based on recycled arguments only serves to waste the resources of the court." *Id.* (*citing State v. Sprint Comm. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)). Abstrax's Motion merely restates or misrepresents

2

information of which the Court is already aware, and raises no new evidence relevant to the Court's Order.

Abstrax first argues that the Court placed undue reliance on the location of witnesses that the parties allegedly do not intend to call. However, the Court was already apprised of the location of these various potential witnesses at the time it rendered its Order. Abstrax asserts that Sun's <u>preliminary</u> witness list changes what witnesses are relevant to a venue transfer determination. But, as discussed *infra*, this list was not final and Abstrax based its argument principally on Sun's "will call" witnesses and discounts Sun's "may call" witnesses - the vast majority of which reside either in the Northern District of California or significantly closer to California than Texas. The location of these witnesses and Sun's preliminary witness list do not represent "manifest errors of fact or law" or "new evidence." Thus, Abstrax's argument here for reconsideration is improper.

Abstrax also argues that inconsistent rulings may result if the Sun and Dell cases are tried in different Courts. Again, Abstrax raises no new issue here that could serve as justification for a motion for reconsideration. The Court carefully considered the existence of multiple lawsuits involving the same issues in its Order. Notably, the Court stated that "[i]n the present case, as indicated above, **the existence of multiple lawsuits involving the same issues is negated by the posture of the motion to change venue**; the completion of the claim construction process; and the lack of consolidation."[1] Court's Order at 3 (emphasis added). As the Court specifically addressed this point, Abstrax has not identified "manifest errors of fact or law" or "new evidence." Thus, again, Abstrax's argument here for reconsideration is improper.

---

[1] Sun notes that the Court, in its Order, cited the same point from the Fifth Circuit's *Volkswagen* decision upon which Abstrax relies. *See* Court's Order at 3. More importantly, the Court specifically distinguished the instant case over this citation from *Volkswagen* decision. *Id*. Yet again, Abstrax has raised no new issue to justify a motion for reconsideration.

**II.     Abstrax Misrepresents Likely Witnesses At Trial, Location of Those Witnesses, and Ignores That No Witnesses Are Located in the Eastern District of Texas.**

Abstrax incorrectly argues that the Court's Order places "undue reliance on the location of deposition witnesses that neither party intends to call … ." Abstrax's Motion at 5. In fact, Abstrax misrepresents what witnesses the parties intend to call and the impact of the locations of those witnesses. In addition, Abstrax ignores that the Sun witness list, cited in Abstrax's Motion, is a <u>preliminary</u> list and not necessarily the final list for trial. *See* Abstrax's Motion, Exh. 1. Moreover, Abstrax conveniently ignores a key factor in the Court's Order that <u>no witnesses reside in the Eastern District of Texas</u>. *See* Court's Order at 3.

In its Motion, Abstrax focuses on the four witnesses Sun has preliminarily identified as "will call." However, Sun also preliminarily identified an additional 12 witnesses as "may call" – meaning Sun is considering calling these witnesses to testify at trial. Of these twelve witnesses, all but two reside either in the transferee venue (the Northern District for California) or reside significantly closer to California than Texas.[2] Notably, two of Abstrax's three experts reside in California (one in the Northern District of California) and the two principals of Abstrax were deposed by Sun, at Abstrax's choice, in California and reside in Arizona – significantly closer to California than Texas. Importantly, none of the witnesses identified by Sun or Abstrax reside in the Eastern District of Texas. While Abstrax agrees that witness convenience is an important factor in a venue transfer analysis, it obscures the fact that - consistent with the Court's

---

[2] This "may call" witness list includes former Sun employees, many of whom are within the subpoena power of the Northern District of California. In its Motion, Abstrax incorrectly implies that Sun's relationship with these witnesses makes such subpoena power unnecessary. To the contrary, requiring a non-party witness to appear at trial is a significant burden. This burden is greatly reduced for many potential witnesses by the transfer of this case to the Northern District of California.

4

Order - the Northern District of California is a clearly more convenient forum for most potential witnesses. *See* Abstrax's Motion at 6; Court's Order at 3.

Furthermore, the importance Abstrax attaches to the location of the four witnesses preliminarily identified by Sun as "will call" is misplaced. These witnesses are Sun's experts, who are distinct from fact witnesses as Sun contracts with these experts to perform certain functions including, if necessary, testifying at trial. Thus, expert witnesses are not surrendering their time and leaving their employment for free as are fact witnesses. The potential fact witnesses Sun may call – particularly the third parties – are of greater concern with regard to convenience.

In its Order, the Court based its decision, in part, on the fact that "there are a substantial number of material witnesses who reside in the transferee venue and none who reside in the Eastern District of Texas." Abstrax attempts to avoid this clear determination by the Court by arbitrarily limiting the potential witnesses Sun may call at trial and ignoring that the Northern District of California is a clearly more convenient forum. For this reason alone, this Court should deny Abstrax's Motion.

### III. Abstrax's Concerns About Judicial Inefficiencies Are Misplaced as This Court Has Determined that Judicial Economy "Has Already Been Achieved."

While Abstrax attempts to identify alleged inefficiencies from the transfer of the instant case, Abstrax ignores that the Court has already determined that judicial economy has been achieved and that the Sun and Dell cases were never consolidated. In its Order, the Court directly addressed the issue of judicial economy:

> [T]he claim construction opinion has already been issued, and fact discovery is nearly complete. Moreover, Sun has agreed to be bound by this court's claim construction

5

opinion upon transfer to California. **The judicial economy flowing from maintaining both cases in the Eastern District has already been achieved**.

Court's Order at 3-4 (emphasis added). Thus, the Court specifically addressed this issue and has explained how judicial economy has been achieved. Moreover, some of the alleged inefficiencies identified by Abstrax would potentially require a common Sun-Dell trial with Abstrax to resolve. As the Court noted in its Order, the Sun and Dell cases were never consolidated. *See* Court's Order at 3. While Abstrax incorrectly states that the two cases were "consolidated for all pretrial matters," the Court, in fact, only set a common discovery schedule and Markman proceeding. *See* Abstrax's Motion at 2; Notice of Joint Proposed Docket Control Order, Case No. 2:07-CV-221, Document No. 38, at 4, n.1. Thus, the Court has always considered the Sun and Dell cases to be separate and – even if not transferred – would likely have separate trials. Now, even if Abstrax were to prevail in its Motion, Sun could not reasonably join a trial with Dell as the Abstrax / Dell matter is scheduled for trial in just three weeks. Thus, regardless of the resolution of Abstrax's Motion, the Sun and Dell cases will proceed with separate trials – depriving Abstrax of many of the alleged judicial efficiencies it seeks.

Abstrax also unnecessarily expresses concern over possible inconsistent rulings for several motions, for which Sun was originally a party, that this Court has recently decided in the Dell matter (since the Sun case was transferred). *See* Abstrax's Motion at 9. While the Northern District of California may decide some or all of these motions in the Abstrax / Sun matter, Sun is confident that Abstrax will likely provide that Court with the decisions from the Eastern District of Texas – thus, the transferee court will likely have the benefit of this Court's decisions.

Abstrax's arguments for judicial inefficiencies fail as the Court was fully aware of these

6

potential issues and carefully considered judicial economy in rendering its decision to transfer the instant case.

## CONCLUSION

For at least the foregoing reasons, Sun requests that the Court deny Abstrax's Motion for Reconsideration of Magistrate Judge Everingham's Order Granting Sun's Motion for Reconsideration.

Respectfully submitted,

Dated: September 28, 2009

By: /s/ J. Thad Heartfield
Thomas M. Dunham (*pro hac vice*)
Attorney-in-Charge
J. Michael Woods (*pro hac vice*)
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2402
Telephone:  (202) 783-0800

J. Thad Heartfield
Texas Bar No. 09346800
E-mail: thad@jth-law.com
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789

Attorneys for Defendant,
Sun Microsystems, Inc.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of September, 2009. Any other counsel of record will be served by first class mail.

                                                      /s/ J. Thad Heartfield
                                                 J. Thad Heartfield