IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABSTRAX, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:07-CV-333 |
| § | |
| SUN MICROSYSTEMS, § | |
| § | |
| Defendant. § | |
| § | |
| § | |

**O R D E R**

Before the Court is Abstrax's Motion for Reconsideration of the Magistrate Judge's Order Granting Defendant Sun Microsystems' Renewed Motion for Change of Venue. Dkt. No. 162. Also before the Court is Sun's Opposition. Dkt. No. 164. Having considered all the relevant papers and pleadings as well as the case law on the issue, the Court finds that Abstrax's motion for reconsideration should be **DENIED**.

**I. BACKGROUND**

On June 1, 2007, Plaintiff Abstrax, Inc. ("Abstrax") filed a patent infringement lawsuit against Dell, Inc. ("Dell") and Gateway, Inc. ("Gateway") in the Eastern District of Texas accusing both of infringing U.S. Patent No. 6,240,328, ("the '328 Patent"). Approximately two months later on August 7, 2007, Abstrax brought this separate yet similar suit against Sun Microsystems, Inc. ("Sun") also in the Eastern District of Texas. Abstrax alleges that the defendants in both actions infringe the '328 Patent in the course of manufacturing computer systems. Dkt. No. 1.

On November 26, 2007 Sun filed a motion to change venue. Dkt. No. 25. In light of the Fifth Circuit Court of Appeals' decision to rehear en banc *In re Volkswagen of America*, the Magistrate Judge denied Sun's motion without prejudice and allowed to Sun to reurge its motion using the standards set forth in the en banc decision. Dkt. No. 75. In the time between Sun's initial motion to change venue and its renewed motion, the Court joined the Sun and Dell/Gateway cases only for purposes of discovery and claim construction. Dkt. No. 38. The Magistrate Judge held a *Markman* hearing on August 14, 2008 and issued a claim construction order construing the disputed terms on October 31, 2008. Dkt No. 91. Sun filed its renewed motion to change venue one week after the Fifth Circuit issued its *Volkswagen* decision. Dkt. No. 89.

The Magistrate Judge granted Sun's motion to change venue. Dkt. No. 159. Using the recently articulated standards of the Fifth Circuit's *Volkswagen* decision as well the Federal Circuit's *In re TS Tech USA Corp.* and *In re Genentech* decisions, the Magistrate Judge found that this case was appropriate for transfer to the Northern District of California. *Id.* at 2. Abstrax now seeks reconsideration and reversal of the Magistrate Judge's order. Dkt. No. 162 at 2.

## II. LEGAL PRINCIPLES

Abstrax appeals the decision of the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a), which provides that the Court shall consider objections and shall modify or set aside any portion of a magistrate judge's order on a nondispositive matter found to be "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" only when the Court is "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508

U.S. 602, 622 (1993).

Title 28, United States Code, Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404(a) presupposes that the action has been brought in a proper venue but authorizes its transfer to another proper district that is more suited to the convenience of witnesses and the needs of justice. The Supreme Court has noted that § 1404(a) is intended to give discretion to the district court for adjudicating motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particular case. *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause," by clearly demonstrating transfer is appropriate. *In re Volkswagen*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Id.* at 312-13. After such a determination, the district court must then consider and balance the convenience of the parties in both venues. *Id.* at 314-16; *see also Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.).

This balancing of conveniences involves of examination of several private and public interest factors, none of which has dispositive weight. *Volkswagen*, 545 F.3d at 315. The private factors address (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947)). The public convenience factors address (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Id.*

### III. DISCUSSION

Abstrax moves for reconsideration on two main grounds. First, Abstrax argues that the Magistrate Judge's order granting a change in venue "places undue reliance on the location of several deponents who neither Abstrax nor Sun plans to call at trial and the location of two Sun facilities (including one located in Oregon), which has no practical significance to trial of this case." Dkt. No. 162 at 2. Second, Abstrax contends that "the order did not correctly or fully consider the inefficiencies and risks of inconsistent rulings and verdicts that will result from having Abstrax's related case against Dell go forward in this district while the case against Sun goes forward in another district." *Id.*

#### A. Reliance on the Location of Deponents and Facilities

The Magistrate Judge concluded that the location of several potential witnesses as well as the locations of Sun's main office and manufacturing facility favored granting transfer. Specifically, the Magistrate Judge found:

> Sun's headquarters and the majority of its employees are located

> within the Northern District of California. Eleven of the fourteen Sun current and former employees deposed by Abstrax are located in the transferee forum; of the remaining three, one is located in Oregon, and two are located in Colorado. Moreover, the design, development, management, and direction of Sun's software tools related to manufacturing operations is accomplished by Sun personnel in California. Finally, the Sun software tool at issue in this litigation was previously used in Sun's sole manufacturing facility in the United States, located in Hillsboro, Oregon, which is significantly closer to the Northern District of California than to the Eastern District of Texas.

Dkt. No. 159 at 2. Abstrax argues that neither party intends to call any of the eleven Sun deponents at trial. "There is no issue of witness convenience if the witnesses are not actually going to be called to testify." Dkt. No. 162 at 6. Abstrax relies on Sun's classification of these deposition witnesses as "may call" on its trial witness list. *Id*.

Abstrax also argues that the Magistrate Judge did not appear to give weight to the location of those witnesses the parties do in fact plan to call. *Id.* Finally, Abstrax claims that the Magistrate Judge placed undue emphasis on the location of Sun's headquarters and sole U.S. manufacturing facility in California and Oregon, respectively. *Id.* at 7.

Sun responds by pointing to the remainder of the cited witness list which includes an additional twelve witnesses that Sun "may call." Dkt. No. 164 at 4. Further, Sun argues that the cited Sun trial witness list is preliminary in nature. *Id*.

Abstrax's argument directly implicates three of the private *Volkswagen* factors: (1) the availability of sources of proof; (2) the ability of the court to secure attendance of a witness; and (3) the expense associated with witnesses' attendance. The Magistrate Judge found – by virtue of the location of Sun's witnesses, headquarters, and facility – that each of these factors weighed in favor of transfer.

With respect to sources of proof, "the design, development, management, and direction of Sun's software tools related to manufacturing operations is accomplished by Sun personnel in California." Dkt. No. 159 at 2. Further, Sun's sole U.S. manufacturing facility is in Hillsboro, Oregon, which is significantly closer to the Northern District of California than to the Eastern District of Texas. *Id*. Abstrax argues that the development and management of the accused software program is not independently relevant to any issue that will be tried. Dkt. No. 162 at 7. Similarly, Abstrax argues that discovery is over and any relevant documents at both facilities have been produced and prepared for trial. *Id*. Abstrax's arguments are misplaced. *Volkswagen* and its progeny mandate examination of the "relative ease of access of sources of proof," not the relevance of evidence or how much discovery has been done. "'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.'" *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006)).

The Magistrate Judge also found that the convenience and expense associated with witnesses' attendance favored transfer. To be sure, the Magistrate Judge concluded that a substantial number of material witnesses reside in the transferee venue and none reside in the Eastern District of Texas. Such a distribution of witnesses substantially favors transfer. *Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer."). Abstrax would have the Court examine the trial witness lists

and potential deposition witnesses and assign a greater weight to "will call" witnesses as opposed to "may call" witnesses. Again, this is not the proper inquiry. Indeed, requiring a party to identify key witnesses would hold that party to a higher standard than is required by law. *Id*. at 1343.

Furthermore, since the overwhelming majority of the witnesses reside on or near the West Coast, the 100-mile rule weighs greatly in favor transfer. The 100-mile requires that "when the distance between an existing venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen,* 545 F.3d at 317. Finally, as Sun argues, many of the witnesses are former Sun employees that would require the exercise of a court's subpoena power. None of those witnesses is within the subpoena power of the Eastern District.

After review, the Court cannot conclude that the Magistrate Judge's determinations as to these three *Volkswagen* factors were clearly erroneous or contrary to law.

### B.  Inefficiencies and Risks of Two Separate Cases

Abstrax warns that having a separate case risks inconsistent rulings and creates inefficiencies that would not arise if the case were not transferred. Dkt. No. 162 at 8. Abstrax cites to *Volkswagen* for the proposition that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice." *Id.* Abstrax's argument is generally directed towards the final private interest factor: practical problems associated with an expeditious and inexpensive trial.

The bulk of Abstrax's arguments regarding efficiencies and economies of keeping the case in Eastern District are completely vitiated by the fact that the "other case" no longer exists.

As of the time of this order, Abstrax case against Dell and Gateway in this division has settled. Thus, any risk of inconsistent rulings or verdicts has been extinguished. Similarly, the issues common to the proceedings are now only applicable to the Abstrax v. Sun trial. Admittedly, the court in California will have to learn the facts and background of the case, but that factor does not outweigh the facts that discovery has been completed and that Sun has agreed to be bound by the Court's claim construction order. Finally and perhaps most important, as the Magistrate Judge found, judicial economy has been achieved. Therefore, in light of the present facts, the Court finds that the Magistrate Judge's determination as to this factor was not clearly erroneous or contrary to law.

## IV. CONCLUSION

For the reasons stated above, Plaintiff Abstrax's Motion for Reconsideration of the Magistrate Judge's Order Granting Defendant Sun Microsystems' Motion for Change of Venue (Dkt. No. 162) is hereby **DENIED.**

SIGNED this 22nd day of October, 2009.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE